**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| **CAROLINA PREJEAN,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **Case No. 21-cv-1593-SMY** |
| | ) | |
| **JEN DISCHBEIN, KIM** | ) | |
| **SCHALTENBRAND, and METRO** | ) | |
| **LANDING APTS.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## <u>MEMORANDUM AND ORDER</u>

**YANDLE, District Judge:**

Plaintiff Carolina Prejean filed the instant lawsuit *pro se*, seeking monetary relief against Defendants Jen Dischbein, Kim Schaltenbrand, and Metro Landing Apartments.  This matter is now before the Court for consideration of Plaintiff's Motion for Leave to Proceed *in Forma Pauperis* ("IFP") (Doc. 4).  For the following reasons, the motion is **GRANTED**.

Under 28 U.S.C. § 1915, an indigent party may commence a federal lawsuit without paying required costs and fees upon submission of an affidavit asserting the inability "to pay such fees or give security therefor" and stating "the nature of the action, defense or appeal and the affiant's belief that the person is entitled to redress."  28 U.S.C. § 1915(a)(1).

Here, Plaintiff has sufficiently established her indigence. Her monthly income is $814, and her monthly expenses for rent, phone, and electricity are approximately $650 (Doc. 4, pp. 2-3). She has approximately $760 in her checking or savings account (Doc. 4, p. 3).  Based upon this information, the Court finds that Plaintiff is unable to pay the costs of commencing her lawsuit.

However, the Court's inquiry does not end there; § 1915(e)(2) requires careful threshold scrutiny of a Complaint filed by a plaintiff seeking to proceed IFP.

The Court may dismiss a case if it determines the action is clearly frivolous or malicious, fails to state a claim, or is a claim for money damages against an immune defendant.  28 U.S.C. § 1915(e)(2)(B); *see also Hoskins v. Poelstra*, 320 F.3d 761, 763 (7th Cir. 2003).  The requirements for stating a viable claim § 1915(e)(2)(B)(ii) are the same as those for stating claims under the Federal Rule of Civil Procedure 12(b)(6).  *Dewalt v. Carter*, 224 F.3d 607, 611-12 (7th Cir. 2000). Specifically, the Complaint must contain allegations that go beyond a merely speculative level. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

Plaintiff makes the following allegations in the Complaint (Doc. 3): Plaintiff moved into the Metro Landing Apartments on May 17, 2021.  The rent was $575 per month.  Plaintiff paid rent for the months of June and July 2021.  On July 27, 2021, Plaintiff provided Metro Landing with a Notice of Intent to Vacate Apartment as she could no longer pay the rent. Metro Landing refused to lower her rent or to allow her fiancée to be added to the lease.  Metro's refusals involved a "racially motivated animus" (Doc. 3, p. 10).  Plaintiff vacated the premises on August 11, 2021, leaving it "spotlessly clean," but Metro Landing did not return her full security deposit (Doc. 3, p. 10).  Plaintiff separately alleges that the elevator at Metro Landing has an expired certification that poses a "serious threat to the well-being and fair treatment of the elderly and disabled" (Doc. 3, p. 12).  Plaintiff asserts original jurisdiction based on violations of the Title II of the Americans with Disabilities Act, Title VI of the Civil Rights Act of 1964, and the Federal Tort Claims Act.[1]

---

[1] Although Plaintiff does not explicitly invoke the Fair Housing Act, she includes a form entitled "Housing Discrimination Information", which is directed at Fair Housing Act violations (Doc. 3, p. 7).

Pursuant to Title II of the ADA, "no qualified person with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 USC § 12132. "Qualified individual with a disability" is defined as:

> [A]n individual with a disability, who, with or without reasonable modifications to rules, policies, or practices, the removal of architectural, communication, or transportation barriers, or the provision of auxiliary aids and services, meets the essential eligibility requirements for the receipt of services or the participation in program or activities provided by a public entity.

42 USC § 12131(2).

A "public entity" includes "any State or local government," and "any department, agency, special purpose district, or other instrumentality of a State or States or local government." 42 USC § 12131(1)(A)-(B).

Plaintiff alleges that Metro Landing Apartments is a public entity because, "Metro Way of Swansea is part of low-income housing tax credit." She included as an attachment to the Complaint a website page stating that "Metro Landing of Swansea is managed by Illinois Housing Development Authority (Doc. 3, pp. 7, 14). But Plaintiff fails to allege that she has a disability or that she was subject to discrimination based on that disability. Additionally, her allegations regarding the expired elevator certificate do not support a claim under Title II because she fails to allege how her disability relates to the elevator. Plaintiff's Title II claims also fail with respect to the individual defendants, who cannot be individually liable under the ADA. *Stanek v. St. Charles Cmty. Unit Sch. Dist. No. 303*, 783 F.3d 634, 644 (7th Cir. 2015) (no individual liability under ADA).

Plaintiff also asserts a claim under Title VI of the Civil Rights Act of 1964, which provides that: "[n]o person in the United States shall, on the ground of race, color, or national origin, be

excluded from participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance." 42 USC § 2000d. However, Plaintiff fails to state a colorable claim under this statute – she does not allege that Metro Landing receives federal financial assistance. Moreover, Plaintiff's Title VI claims against Defendants Dischbein and Schaltenbrand are not actionable as they are not recipients of federal grant money. *Smith v. Metropolitan School District Perry Township*, 128 F.3d 1014, 1019-20 (7th Cir. 1997) (limiting individual liability under Title XI, which operates similarly). Likewise, Plaintiff's third enumerated claim under the Federal Tort Claims Act fails because she does not allege that any of the defendants are federal employees. *See*, 28 USC § 1346(b)(1).

In addition to her enumerated claims, Plaintiff submitted a form entitled "Housing Discrimination Information", which is directed at Fair Housing Act violations (Doc. 3, p. 7). The Court construes this as an assertion of a Fair Housing Act violation. The Fair Housing Act prohibits discrimination "against any person in the terms, conditions, or privileges of sale or rental of a dwelling, or in the provision of services of facilities in connection therewith, because of race, color, religion, sex, familial status, or national origin." 42 USC § 3604(b). To sufficiently plead a Fair Housing Act claim, Plaintiff must identify the type of discrimination, the person or entity who committed such discrimination, and when this discrimination occurred. *Swanson v. Citibank, N.A.*, 614 F.3d 400, 405 (7th Cir. 2010).

Plaintiff sufficiently alleges racial discrimination in housing conditions by her apartment complex on or about July 2021 – that Metro Landing refused to lower her rent or to allow her fiancée to be added to the lease because of racial animus. As such, Plaintiff has stated a colorable claim against Defendant Metro Landing Apartments for a Fair Housing Act violation. That said, only Metro Landing Apartments, not individual defendants Dischbein and Schaltenbrand, is

subject to liability under the Fair Housing Act.  *Meyer v. Holley*, 537 U.S. 280 (2003).  *See also,*
*Sow v. Fortville Police Dep't*, 636 F.3d 293, 300 (7th Cir. 2011) ("[A]n official capacity suit is
another way of pleading an action against an entity of which the officer is an agent").

Finally, Plaintiff requests an accounting and the return of her rental deposit, which is a
claim governed by state law.  In its discretion, a federal court may have supplemental jurisdiction
over state-law claims "that are so related to claims in the action within such original jurisdiction
that they form part of the same case or controversy under Article III of the United States
Constitution."  28 USC § 1367(a).  "Claims form part of the same case or controversy when they
derive from a common nucleus of operative fact."  *McCoy v. Iderdrola Renewables, Inc.*, 760 F.3d
674, 683 (7th Cir. 2014).  Here, Plaintiff's rental deposit claims arise out of the same set of facts
as her Fair Housing Act claim.  Thus, the Court will exercise supplemental jurisdiction over the
same.

As Plaintiff has stated a claim under the Fair Housing Act and state law, her Motion to
Proceed *in forma pauperis* is **GRANTED**.  Pursuant to Fed. R. Civ. P. 4(c)(3), The Clerk of Court
is **DIRECTED** to prepare and issue, for each named defendant, Form AO 440, Summons in a
Civil Action, to Plaintiff and enclose blank USM-285 forms for each named defendant.  If Plaintiff
wishes the United States Marshals Service to serve process in this case, she shall provide to the
United States Marshals Service the summons issued, the appropriately completed USM-285 forms
and sufficient copies of the complaint for service.

Upon receipt of the aforementioned documents from Plaintiff, and pursuant to Federal Rule
of Civil Procedure 4(c)(3), the United States Marshal Service is **DIRECTED** to serve a copy of
the Summons, Complaint and this Order upon the defendants in any manner consistent with

Federal Rule of Civil Procedure 4, as directed by Plaintiff.  Costs of service shall be borne by the United States.

      **IT IS SO ORDERED.**

      **DATED:  June 2, 2022**

                               **STACI M. YANDLE**
                               **United States District Judge**